UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN THE MATTER OF A PETITION TO           5:20-MC-0043
PERPETUATE TESTIMONY BY WASTE            (GTS/TWD)
STREAM, INC. PRP GROUP,

                           Petitioner.
_____

APPEARANCES:                             OF COUNSEL:

BARCLAY DAMON LLP                        JOHN JOSEPH PELLIGRA, ESQ.
  Counsel for Petitioner                 YVONNE E. HENNESSEY, ESQ.
125 East Jefferson Street
Syracuse, NY 13202

GLENN T. SUDDABY, Chief United States District Judge

**<u>DECISION and ORDER</u>**

Currently before the Court is the Amended Petition to perpetuate testimony by Waste Stream, Inc. PRP Group ("Petitioner"). (Dkt. No. 17.) For the reasons set forth below, the Amended Petition is granted.

**I.    RELEVANT BACKGROUND**

    **A.    Decision and Order of July 20, 2020**

In its Decision and Order of July 20, 2020, the Court denied Petitioner's original Petition and ordered Petitioner to file an Amended Petition within 30 days to correct the identified pleading deficiencies or the Petition would be dismissed. (Dkt. No. 2 [Decision and Order filed July 20, 2020].) Specifically, the Court found that, although the Petition sufficiently established the second and third elements of the relevant analysis (i.e., that Petitioner expects to be party to an action but cannot currently bring that action or cause that action to be brought, and that testimony sought would be lost, concealed or destroyed if it is not allowed to be taken before an

action is initiated), it did not sufficiently show the first element, which is the provision of a focused explanation of what the anticipated testimony would demonstrate and a showing that the petitioner knows the substance of the testimony sought to be preserved and that the testimony will not be used to discover evidence for the purpose of stating a claim and filing a complaint. (*Id.* at 4-5, 8-9.)  The Court identified the following specific deficiencies: (1) as to testimony requested from Chester Bisnett, Sr., the fact that Petitioner has never previously interviewed Chester Bisnett, Sr., leads to an inference that Petitioner does not already know the substance of his testimony, even in a general form, about "the source, nature and extent of scrap metal purchased, processed, and scrapped by CBI, and the resulting release of hazardous substances at the Site"; (2) as to the testimony requested from Harold Villnave, Jr., the Court noted that there appeared to be a discrepancy between the information obtained from him in previous interviews and the information now sought that raises an inference that Petitioner was seeking to discover new information; and (3) as to the testimony requested from Skip Bisnett, the Court found the same deficiencies and ambiguities existed that were present in the request for testimony from Harold Villnave, Jr.  (*Id.* at 9-11.)  The Court also noted that Petitioner's indication that it would use the testimony of Harold Villnave, Jr., and Skip Bisnett for "fact development and [the] calculation of damages" raised an inference that Petitioner required new details from this testimony to actually file a claim.  (*Id.*)

      **B.**    **Amended Petition**

In the Amended Petition, Petitioner makes the following relevant assertions: (1) Petitioner is seeking to memorialize or preserve testimony of essential factual information relevant to the expected future litigation; (2) Petitioner does not plan to bring claims against any PRPs who are not already known, and does not plan to bring claims against the three proposed

individual deponents; (3) the "more detailed information sought from the proposed deponents . . . will be used solely for the purposes of allocation and determining orphan shares"; (4) Chester Bisnett, Sr., has personal knowledge of PRPs that sold scrap to CBI, Petitioner is seeking to obtain more detailed testimony from him regarding (i) the source, nature and quantity of waste that was brought to CBI, (ii) the manner in which it was brought to CBI, and (iii) CBI's operations, including how waste was handled or processed, and such testimony would be of the same subject matter as prior interviews and prospective deposition testimony from Harold Villnave, Jr., and Skip Bisnett but will allow for that information to be provided in a more detailed form; (5) Harold Villnave, Jr., was previously interviewed about the weighing and processing of scrap materials and equipment, the types and nature of scrap that was processed at the Site, the meaning of terms used in the ledger, sources of scrap metal and equipment, and the quantity and frequency at which scrap material and equipment were acquired from various sources; (6) Petitioner is seeking to preserve information already known to it from previous interviews and its own review of the Site by taking testimony from Harold Villnave, Jr., in a more detailed form;  (7) Petitioner is seeking to obtain more detailed testimony from Harold Villnave, Jr., about (i) the source, nature and quantity of waste that was brought to CBI, (ii) the manner in which it was brought to CBI, and (iii) CBI's operations, including how waste was handled or processed; (8) Skip Bisnett was previously interviewed, during which he discussed that CBI brought in a variety of types of scrap material and equipment from different sources; (9) Petitioner is seeking to preserve information already known to it from previous interviews and its own review of the Site by taking testimony from Skip Bisnett in a more detailed form; (10) Petitioner is seeking to obtain more detailed testimony from Skip Bisnett about (i) the source, nature and quantity of waste that was brought to CBI, (ii) the manner in which it was brought to

CBI, and (iii) CBI's operations, including how waste was handled or processed; and (11) the information that Petitioner already knows is sufficient to file a complaint against the already identified PRPs. (Dkt. No. 3, at 8 [Am. Petition].)

Along with the Amended Petition, Petitioner submitted copies of draft summaries from the previous interviews of Harold Villnave Jr. and Skip Bisnett. (Dkt. No. 3, Attachs. 1, 2.) The summary of the testimony of Harold Villnave, Jr., indicates that he previously provided information about the following: (1) WSI owned several trucks that were used to pick up transformers from Niagara Mohawk depots, to deliver empty roll-off bins to customers, to pick up full bins of scrap metal, and as snow plows for businesses in the area; (2) WSI owned 50 to 60 roll-off waste bins that were used to collect scrap from large commercial customers, which were used to dispose of any type of scrap or material for recycling, including various types of metals, office paper, and cardboard boxes; (3) individuals brought to WSI brass, copper, iron, and other metal scrap, as well as cars, and larger items such as machine tool dies, broken steel equipment and heavy electrical transformers were brought to WSI by an outside hauler; (4) the methods by which various types of scrap and equipment were processed by WSI; and (5) the various sources of scrap that WSI received and the equipment that WSI purchased. (Dkt. No. 3, Attach. 2.)

The summary of the testimony of Skip Bisnett indicates that he previously provided information about the following: (1) where scrap metal purchased by Reynolds Metals and Alcoa came from; (2) the processes of purchasing scrap from Reynolds Metal and Alcoa, including the amount of times scrap was picked up from those facilities, where scrap was accumulated, what type of scrap was collected, and how much scrap was obtained; and (3) scrap types obtained from other named sources. (Dkt. No. 3, Attach. 2.)

## II.    GOVERNING LEGAL STANDARD

The governing legal standard was discussed in detail in the Court's Decision and Order of July 20, 2020. Because this current Decision and Order is intended primarily for the review of the parties, the Court will not repeat that standard here, but refers the parties to the Court's previous Decision and Order for an understanding of the applicable standard.

## III.   ANALYSIS

After careful consideration, the Court finds that the Amended Petition should be granted for the following reasons.

The Amended Petition cures the defects of the original Petition identified in the Decision and Order of July 20, 2020. Notably, Petitioner specifically states in the Amended Petition that it is seeking deposition testimony from all three proposed deponents as to (a) the sources, nature, and quantity of waste that was brought to CBI, (b) the manner in which the waste was brought to CBI, and (c) CBI's operations, including how waste was handled and/or processed on the Site. (Dkt. No. 3, at ¶¶ 61, 73, 84 [Am. Petition].) As discussed above in Part I.B. of this Decision and Order, the summaries of the interviews conducted with Harold Villnave Jr., and Skip Bisnett indicate that all three of these subjects were discussed in detail at those interviews and significant information about those subjects was previously provided. (Dkt. No. 3, Attachs. 1, 2.) The Court is therefore more confident on the basis of the Amended Petition that the information that Petitioner seeks to memorialize through the requested depositions is information that is already known to it. Notably, although Petitioner did not interview Chester Bisnett previously, Petitioner makes clear that it will be taking deposition testimony from him on the same subjects already discussed by Harold Villnave Jr., and Skip Bisnett in their interviews. Although Petitioner may, in the course of taking deposition of Chester Bisnett, acquire more details on those matters that

5

had not been previously known or disclosed, the Court is persuaded that Petitioner already possesses the information sought in a general form and in a manner that would be sufficient to enable it to bring claims against the relevant PRPs, and that the depositions would merely allow them to preserve that information in a more detailed form.

Additionally, Petitioner has clarified that it has already identified all of the PRPs against whom it intends to bring claims and that it does not intend to bring claims against any of the three individual proposed deponents, which sufficiently suggests that the depositions are not for the purpose of identifying new PRPs for future litigation, but rather to preserve evidence related to each already identified PRPs level of involvement and responsibility in the contamination of the Site.  (Dkt. No. 3, at ¶ 58 [Am. Petition].)

In conducting the requested depositions, Petitioner should be diligent not to stray beyond the bounds of what it has specified it is seeking in the Amended Petition: namely, information as to (a) the sources, nature, and quantity of waste that was brought to CBI, (b) the manner in which the waste was brought to CBI, and (c) CBI's operations, including how waste was handled and/or processed on the Site.  Petitioner should also be careful to ensure that it confines its depositions of these three individuals to the information already generally known to it and not engage in factfinding that is impermissible under Fed. R. Civ. P. 27.

**ACCORDINGLY**, it is

**ORDERED** that Petitioner's Amended Petition (Dkt. No. 3) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Petitioner may perpetuate testimony as specified in this Decision and Order from Chester Bisnett, Sr., Harold Villnave, Jr., and Skip Bisnett either orally (including through use of video-conferencing or other technology) or by written interrogatories.

Dated: October 14, 2020
      Syracuse, NY

_____
Glenn T. Suddaby
Chief U.S. District Judge